# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Frederick J. Waldmann,
Plaintiff

vs

Case No. 1:08-cv-224-SJD-TSH
(Dlott, J.; Hogan, M. J.)

Internal Revenue Service,
Defendant

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant United States's motion to dismiss for lack of jurisdiction, (Doc. 11), plaintiff's memorandum in opposition to dismissal, (Doc. 12), defendant's reply, (Doc. 13), and plaintiff's supplemental memorandum. (Doc. 14). For the reasons set forth below, the motion should be granted.

Pro se plaintiff Waldmann initiated this action with the filing of a complaint in Clermont County Court of Common Pleas on February 29, 2008. Plaintiff's complaint seeks compensatory and punitive damages against the Internal Revenue Service in the amount of $60,000,000.00, for alleged fraudulent conduct. The United States removed the action to this Court on March 31, 2008, pursuant to 28 U.S.C. §§ 1442(a) & 1446(a). (Docs. 1, 3). Defendant contends that this case should be

dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff has failed to demonstrate that defendant waived its sovereign immunity.

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

The United States may only be sued where Congress has specifically waived its sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Fishburn v. Brown*, 125 F. 3d 979, 981 (6th Cir. 1997). Plaintiff bears he burden of demonstrating that the United States has waived its immunity. *Whittle v. United*

2

*States*, 7 F.3d 1259, 1261 (6th Cir. 1993). In the present case, plaintiff has failed to so demonstrate. The complaint fails to set forth any allegations which demonstrate that plaintiff exhausted his administrative remedies against eh IRS prior to filing suit. 26 U.S.C. §§ 7432(d)(1),7433(d)(1); *Fishburn*, 125 F.3d at 982. Nor has plaintiff sufficiently alleged facts from which it may be determined that his claims were brought within the two year statue of limitations applicable to suits under 26 U.S.C. § 7433. *See* 26 U.S.C. § 7433(d)(3); *Conforte v. United States*, 979 F.2d 1375, 1376 (9th Cir. 1992).

To the extent that plaintiff has argues his suit is not against the United States, but against the Internal revenue Service, this argument supports defendant's position that the action should be dismissed. Congress has not waived sovereign immunity for actions brought against the Internal Revenue Service. *See Celauro v. U.S. I.R.S.*, 411 F. Supp.2d 257, 267-68 (E.D.N.Y. 2006). Consequently, the Internal Revenue Service is not an entity subject to suit and Plaintiff's complaint against the Internal Revenue Service must be dismissed. *See Krouse v. United States*, 380 F. Supp. 219, 221 (C.D. Calif. 1974).

To the extent that plaintiff argues his claims are not asserted pursuant to 26 U.S.C. § 7433, again, this argument supports defendant's motion to dismiss. Section 7433 provides the only limited waiver for taxpayer claims against the United States where an IRS officer or employee, in connection with the collection of any federal tax, "recklessly, intentionally, or by reason of negligence" disregards any provision of the Internal Revenue Code or any regulation promulgated under the Code. Congress has not waived the United States' sovereign immunity for common law

3

fraud claims related to the collection of federal taxes. *See Roberts v. I.R.S.*, 468 F. Supp.2d 644 (S.D.N.Y. 2006). Plaintiff's rambling supplemental response does not provide any allegations or argument to support his contention that dismissal is unwarranted.

**IT IS THEREFORE RECOMMENDED THAT:** defendant's motion to dismiss be GRANTED and this action be TERMINATED on the docket of this Court.

Timothy S. Hogan
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Frederick J. Waldmann,
    Plaintiff

vs                                 Case No. 1:08-cv-224-SJD-TSH
                                      (Dlott, J.; Hogan, M. J.)

Internal Revenue Service,
    Defendant

# NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 11-20-08. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br>Frederick J. Waldmann<br>101-K Logsby Pl.<br>Milford, OH 45150 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0710 0000 8134 9809 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |

1:08cv224   Doc.16